OPINION
Gary Marchal ("Marchal") appeals from a judgment of the Champaign County Court of Common Pleas, which denied his motion for modification of parental rights and responsibilities.
Marchal married Tonya Geer ("Geer") on October 14, 1995. The marriage produced one child, Ciera Marchal ("Ciera"), who was born on March 13, 1997. Marchal and Geer obtained a dissolution of their marriage on January 6, 1998. Geer's attorney handled the dissolution, and Marchal was not represented by counsel. The parties agreed that Geer would have sole custody of Ciera and that Marchal would have "reasonable visitation" that would "include at a minimum the court's standard order of visitation." Marchal was also to have six weeks of visitation during the summer. Marchal testified that he had believed that he would be able to see Ciera every day, and that this was the practice of the parties until approximately April of 1999. Marchal worked second shift and babysat for Ciera, while Geer worked during the day. However, when Geer remarried, she quit her job and refused to allow Marchal more than the standard visitation.
On June 7, 1999, Marchal filed a motion with the trial court requesting a modification of parental rights and responsibilities. His primary request was that the court adopt a shared parenting plan in which he would be the residential parent. However, it is clear that, as an alternative, he requested that he be allowed greater visitation with Ciera. The case was referred to a magistrate, who held hearings on October 7, 1999, January 20, 2000, and March 9, 2000. The magistrate issued his report on April 25, 2001, finding that Marchal had not demonstrated a change in circumstances that would justify a change in custody and that a change in custody was not in Ciera's best interests. However, the magistrate found that, consistent with the guardian ad litem's recommendation, it was in Ciera's best interests to have more visitation with her father. Marchal filed objections to the magistrate's report. On October 10, 2001, the trial court adopted the magistrate's report and found that there was not a sufficient change in circumstances to justify a change in the visitation schedule previously agreed on by the parties.
Marchal did not raise assignments of error in his brief but rather set forth three "issues," which we will treat as assignments of error. We will address the second assignment of error first.
 II. THE TRIAL JUDGE'S FINDING THAT "CIVIL RULE 53(E)(2) DOES NOT RELATE TO DE NOVO CONSIDERATION BY THE COURT OF MATTERS AT ISSUE" IS CONTRARY TO LAW AND IS PLAIN ERROR.
Under this assignment of error, Marchal argues that the trial court failed to conduct a de novo review of the magistrate's report before adopting it.
In Inman v. Inman (1995), 101 Ohio App.3d 115, 118, we held that a trial court must conduct a de novo review of a magistrate's report prior to adopting it. Such a review will be presumed unless the record affirmatively demonstrates otherwise. See id. In this case, the trial court stated in its decision that it was not required to conduct a de novo review. Therefore, we find that the record affirmatively demonstrates that the trial court failed to do so. The court erred in finding that it was not required to independently review the magistrate's report.
Geer argues that the vitality of Inman is questionable since Civ.R. 53 was amended to delete section (E)(5), which was cited in Inman. However, Geer points to no case law to support her argument that Inman is no longer good law. On the contrary, this court has repeatedly held that the amendment to Civ.R. 53 did not relieve trial courts of their obligation to conduct an independent review of the magistrate's report. See Quick v. Kwiatkowski (Aug. 3, 2001), Montgomery App. No. 18620, unreported, at 3-4; Knauer v. Keener (June 15, 2001), Clark App. No. 2000-CA-101, unreported, at 6; Rammel v. Rammel (May 5, 1997), Montgomery App. No. 15887, unreported, at 2-3. Geer also seeks to distinguish Inman by noting that the trial court in this case, unlike in Inman, deliberated for months before deciding the case. However, where the trial court states in its opinion that it is not required to conduct a de novo review, we believe that it is unnecessary to look to other factors indicating whether or not the trial court actually conducted such a review. Therefore, we find that the trial court erred by failing to conduct a de novo review of the magistrate's findings.
The second assignment of error is sustained.
 I. THE TRIAL COURT JUDGE'S DECISION THAT THERE WAS INSUFFICIENT EVIDENCE OF A CHANGE IN CIRCUMSTANCES IN EITHER THE MOTHER OR CHILD TO JUSTIFY A CHANGE IN THE CHILD'S PREVIOUSLY AGREED VISITATION SCHEDULE IS NOT THE APPROPRIATE LEGAL STANDARD FOR AMENDING VISITATION AND AS SUCH IS PLAIN ERROR.
Under this assignment of error, Marchal argues that the trial court erred by using the wrong standard to decide the visitation issue. The trial court found that the "changes of circumstances of the parties are not sufficient to warrant a change in previously agreed visitation."
We agree with Marchal that the trial court applied the wrong standard in deciding whether Marchal should have more visitation with Ciera. The two statutes at issue are R.C. 3109.04 and R.C. 3109.051. The trial court appears to have based its decision on the issue of visitation on whether there had been a change of circumstances. However, the change of circumstances requirement is found in R.C. 3109.04, which governs issues of custody. The Supreme Court of Ohio has held:
 [M]odification of visitation rights is governed by R.C. 3109.051, and * * * the specific rules for determining when a court may modify a custody decree set forth in R.C. 3109.04 are not equally applicable to modification of visitation rights. Moreover, [the parent requesting a modification of visitation rights] need make no showing that there has been a change in circumstances in order for the court to revise his rights to visitation. Pursuant to R.C. 3109.051(D), however, the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion determine visitation that is in the best interest of the child.
Braatz v. Braatz (1999), 85 Ohio St.3d 40, 44-45 (citations omitted). Thus, the trial court erred in applying a change in circumstances standard in deciding the visitation issue.
Geer argues that Marchal never requested a modification of visitation because he made a motion under R.C. 3109.04. It is clear to us, however, that visitation was always at issue in this dispute and was addressed by both parties from the time of Marchal's motion. In fact, the magistrate and the guardian ad litem both recommended that Ciera have more visitation with her father. The trial court specifically addressed only the visitation issue in its decision, presumably adopting the magistrate's report on the custody issue. However, the trial court applied the wrong standard for a modification of visitation by requiring Marchal to show a change of circumstances. The correct statutory analysis is found in R.C. 3109.051(D), which sets forth factors to examine in determining visitation issues. The trial court must apply these factors in deciding whether Marchal is entitled to greater visitation with Ciera.
The first assignment of error is sustained.
 III. THE MAGISTRATE'S AND TRIAL JUDGE'S (BY ADOPTING THE MAGISTRATE'S DECISION) FINDING THAT THERE WAS INSUFFICIENT EVIDENCE OF A CHANGE IN CIRCUMSTANCES IN EITHER THE MOTHER OR CHILD TO JUSTIFY A CHANGE IN THE CHILD'S CUSTODY OR THE ADOPTION OF THE APPELLANT'S SHARED PARENTING PLAN WAS NOT SUPPORTED BY THE EVIDENCE.
This assignment of error, which appears to be a manifest weight argument, is rendered moot by our disposition of the second assignment of error and is thus overruled.
The judgment of the trial court will be reversed and this matter remanded. On remand, the trial court should conduct a de novo review of the magistrate's report on both the custody and visitation issues and should decide the visitation issue using the factors found in R.C.3109.051(D).
GRADY, J. and BRYANT, J., concur. (Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).